REQUESTED BY: Donna Karnes, State Tax Commissioner
Does the fact that the discriminatory taxation of interest on federal securities by our corporate franchise tax conflicts with 31 U.S.C. § 742 operate to invalidate the entire franchise tax imposed by Neb.Rev.Stat. § 77-2734(2) (Supp. 1982)?
No.
In our Opinion No. 29, issued February 25, 1983, we reached the conclusion that § 77-2734(2), in taxing the interest on obligations of the United States conflicted with 31 U.S.C. § 742, which provides that interest on such obligations shall be exempt from state taxation, except (for our purposes) nondiscriminatory franchise taxes imposed on corporations.
Assuming that we are correct in that position, you ask whether this operates to invalidate the entire corporate franchise tax, or only the provisions of the act which subject interest on federal obligations to such tax. We are convinced that the provisions which conflict with the federal act are severable, and can be eliminated without affecting the entire corporate franchise tax.
We point out, first, that § 136 of LB 377, Laws of 1967, the act in which the offending provision was originally adopted, provided that if any section, subsection, sentence, clause, or phrase of the act should for any reason be held to be unconstitutional or invalid, such decision should not affect the validity of the remaining portions of the act.
Even without such a saving clause, our court has frequently held that if the part of an act that is bad is independent and separable from the balance of the law, or if the invalid part was not an inducement to the passage of the act, or if the remainder of the act is not so connected with the invalid portion that it cannot be upheld without doing violence to the legislative intent as a whole or result in putting in effect a law which the Legislature would not have passed had its attention been called to the invalid parts, the portion that is valid may be sustained and given effect.See, Chase v. County of Douglas, 195 Neb. 838,241 N.W.2d 334 (1976); State ex rel. Meyer v. County of Lancaster,173 Neb. 195, 113 N.W.2d 63 (1962); and Wilson v. Marsh,162 Neb. 237, 75 N.W.2d 723 (1956).
Tested by these standards, we think it is clear that the offending provision is severable. The provision which subjects interest from federal obligations to the tax are the words in § 77-2734(2) `without regard to the modification referred to in section 77-2741.' The modification referred to in § 77-2741 is that provided by § 77-2716. Section 77-2716 provides that there shall be subtracted from federal taxable income (which is the basis used for computing the franchise tax) interest or dividends on obligations of the United States and its territories and possessions or of any authority, commission, or instrumentality of the United States. Therefore, if the words above quoted from 77-2734(2) were stricken, interest on federal obligations would not be included in taxable income, for purposes of our franchise tax, and there would be no conflict with 31 U.S.C. § 742.
Surely it cannot be argued that if the Legislature had known that it could not tax interest on federal obligations while not taxing interest on state and municipal obligations it would not have passed LB 377, the sales and income tax act, or even that it would not have adopted the portion of that act imposing the corporate franchise tax. Striking the offending words poses no problem with the enforcement of the rest of the act, nor does it result in a law the Legislature would not have passed, if informed of the invalidity of that provision.
We therefore conclude, on the basis of the severability clause and the general law on severability, that the validity of the franchise tax imposed by § 77-2734(2) is not affected by the matters discussed in our Opinion No. 29, except that the tax cannot be imposed on interest on federal obligations.
Very truly yours, PAUL L. DOUGLAS Attorney General Ralph H. Gillan Assistant Attorney General APPROVED:Paul L. Douglas
Attorney General